```
          IN THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                    EASTERN DIVISION

                  No. 4:10-CR-30-1H
```

| | | |
|---|---|---|
| DERRICK KEITH USSERY, SR., | ) | |
|     Petitioner, | ) | |
| | ) | |
|     v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |

This matter is before the court on petitioner's motion for reconsideration denying his motion to vacate pursuant to 28 U.S.C. § 2255, [DE #127], and Rule 60(b) motion, [DE #135]. The government has not responded, and the time for further filings has expired. This matter is ripe for adjudication.

**A. Motion for Reconsideration, [DE #127]**

In petitioner's motion for reconsideration, he alleges he is no longer a career offender under <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011), however, the court considered his status in light of <u>Simmons</u> and found he was a career offender. [DE #115]. The Fourth Circuit dismissed the appeal, as petitioner had not made the requisite showing for a certificate of appealability to issue. [DE #124]. For lack of good cause shown, this motion is DENIED.

**B. Rule 60(b) Motion, [DE #135]**

Federal Rule of Civil Procedure 60(b) is an extraordinary remedy that permits a court to "relieve a party … from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). See Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (citing Ackermann v. United States, 340 U.S. 193, 202 (1950)). To do so, a party must demonstrate "exceptional circumstances" warrant granting the relief. Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (quoting Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)). Additionally, the party seeking relief under Rule 60(b) "must make a threshold showing of timeliness, 'a meritorious claim or defense,' and lack of unfair prejudice to the opposing party." Coleman v. Jabe, 633 F. App'x. 119, 120 (4th Cir. 2016) (quoting Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011)). After a party satisfies this threshold showing, "he must proceed to satisfy one or more of the rules' six grounds for relief from judgment." Werner, 731 F.2d at 207. The six specific sections of Rule 60(b) are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or

applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6).

Petitioner claims that Rule 60(b)(2) and (b)(6) provide him with relief from the court's dismissal of his Section 2255 Motion. Specifically, he claims that he is no longer a career offender as his North Carolina convictions for possession with intent to sell and deliver are no longer predicate offenses. [DE #135 at 2]. Petitioner was sentenced as a career offender under the United States Sentencing Guidelines ("USSG") § 4B1.1(a). His prior convictions remain "controlled substance offenses" under USSG § 4B1.2(b). Petitioner has failed to support this request. For lack of good cause shown, this motion, [DE #135], is hereby DENIED.

## CONCLUSION

For the foregoing reasons, petitioner's motion for reconsideration, [DE #127], and motion pursuant to Rule 60(b), [DE #135], are hereby DENIED.

This 30th day of December 2020.

_____
MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#35